## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

SHAWN M. SIMMS                    :

        **Plaintiff**         :

        **v.**                     :

JOHN WETZEL, *et al.*,           :

      **Defendants**      :

**CIVIL ACTION NO. 3:21-1411**

**(JUDGE MANNION)**

## MEMORANDUM

### I. Background

Plaintiff, Shawn M. Simms, an inmate confined at the Rockview State Correctional Institution, Bellefonte, Pennsylvania, filed the above captioned civil rights action pursuant to 42 U.S.C. §1983. (Doc. 1, complaint). The matter is proceeding via an amended complaint. (Doc. 47). The named Defendants are John Wetzel, Mark Garman, R. Vance, S. Pasquale, L. Houser Morris, Sgt. Drexler, John Doe, D. Breese, Keri Moore, Major H. Haldeman, Unknown Employees of the Bureau of Health Care, Dr. Dancha, Two Unknown Shakedown Officers, N. Paul, Unknown Medical Staff Members of Rockview, Unknown Security Lt. at Rockview, PA Ethan Ernst, Dr. Preston, C.O. Cummings, C.O. Pollock, C.O. Showers, and Sgt. Roberts. Id.

Presently pending before the Court is a motion to dismiss based on Simms' failure to comply with Rule 20 of the Federal Rules of Civil Procedure (Doc. 53), filed on behalf of the Corrections Defendants and a motion to dismiss, filed on behalf of the medical defendants, Dr. Dancha, PA Ethan Ernst and Dr. Preston[1] (Doc. 48) and Dr. Dancha's separate motion for summary judgment. (Doc. 109). For the reasons set forth below, the Court will grant the Corrections Defendants' motion to dismiss Plaintiff's complaint for Plaintiff's failure to comply with Fed R. Civ. P. 20(a)(2) and afford Simms the opportunity to file a second amended complaint. Remaining Defendants' motions for summary judgment, will be dismissed without prejudice to renewal after the filing of Plaintiff's second amended complaint.

## II.   **Rule 12(b)(6) Standard**

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Nami v. Fauver, 82 F.3d 63, 66 (3d Cir. 1996). The

---

[1] By Order dated April 15, 2021, Defendants' motion to dismiss was converted to a motion for summary judgment as Defendants invited the Court to consider matters outside the pleadings. (Doc. 95).

court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. Innis v. Wilson, 334 F. App'x 454, 456 (3d Cir. 2009) (citing Phillips v. Cnty of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008)). A district court ruling on a motion to dismiss may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

> Under the pleading regime established by [Bell Atl. Corp. v.] Twombly, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." Iqbal, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679, 129 S.Ct. 1937. See also Burtch v. Milberg Factors, Inc., 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their

veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937.

Connelly v. Lane Const. Corp., 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. Iqbal, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)(2)). At the second step, the Court identifies those allegations that, being merely conclusory, are not entitled to the presumption of truth. Twombly and Iqbal distinguish between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." Iqbal, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

## III.  **Discussion**

"Pleadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Rule 8(d)(1) states, in pertinent part, that "[e]ach allegation must be simple, concise and direct." Rule 20(a)(2), states that "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them

- 4 -

jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Although Rule 20 is a flexible rule that allows fairness and judicial economy, the rule only permits "joinder in a single action of all persons asserting, or defending against, a joint, several, or alternative right to relief that arises out of the same transaction or occurrence and presents a common question of law or fact." 7 Charles Allen Wright, Arthur Miller & Mary Kay Kane, Federal Practice and Procedure §1652 at 371-72 (1986).

Simms' amended complaint fails to meet these basic pleading requirements. Plaintiff's complaint is not simple, concise, and direct as required by Rule 8(d)(1). Moreover, is completely fails to comply with Rule 20. It is set forth in a thirty-page narrative, which contains no captions and lists a plethora of allegedly constitutional violations occurring between January 16, 2019 and July 20, 2020. (Doc. 47). The claims against the various Defendants identify separate unrelated transactions and occurrences that do not involve an issue of law or fact common to all Defendants. Plaintiff's claims range from denial of medical care to denial of mental care, deprivation of property to being issued false misconducts. The

Prison Litigation Reform Act of 1995 ("PLRA"), which substantially changed the judicial treatment of civil rights actions by state and federal prisoners, compels compliance with Rule 20. Specifically, under the PLRA the full filing fee must ultimately be paid in a non-habeas action. Allowing a prisoner to include a plethora of separate, independent claims, would circumvent the filing fee requirements of the PLRA.

In the interests of justice, the Court will grant Corrections Defendants' motion to dismiss Plaintiff's amended complaint and Simms will be granted a final opportunity to file a second amended complaint in this action. As the amended complaint stands right now, it appears that Simms seeks to litigate several separate incidents in the same action. Any second amended complaint must comply with both Rule 8 and Rule 20. To the extent that Simms believes he has been subjected to a violation of his rights by Defendants unable to be joined in this case, Simms must file separate complaints addressing the separate occurrences.

## IV.  **Conclusion**

For the above stated reasons, the Court will grant Corrections Defendants' motion (Doc. 53) to dismiss the amended complaint based on Simms' failure to comply with Rules 8 and 20 of the Federal Rules of Civil

Procedure. Simms will be afforded a final opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure. Remaining Defendants' motions for summary judgment (Docs. 48, 109), will be dismissed without prejudice to renewal. Plaintiff's motion to convert Defendants' motion to dismiss to a motion for summary judgment (Doc. 98), motion to dismiss Defendants' "Supplemental Verification" (Doc. 100), Plaintiff's motion for leave to file a supplemental and amended complaint (Doc. 62), motion to file a supplemental affidavit (Doc. 113) and motion for leave to file evidence in support of discovery protection order (Doc. 117) will be dismissed as moot.

An appropriate Order follows.


*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: November 13, 2021**
20-1411-01