IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FILED SCRANTON APR 27 2022 PER ___ DEPUTY CLERK

Simms
   Plaintiff : Civil Action No. 3:20-cv-1411

V.

Dancha    et.al. : Brief in opposition to Defendants
   Defendants : Motion to Dismiss

## I. Introduction.

Plaintiff submits this brief in opposition to the Defendants' massive 27 page brief "supporting" their motion to Dismiss. Not only does this brief violate the local rules concerning the length of briefs being submitted, Defendants also violate the pleading rules by submitting "matters outside of the pleadings" (IE. Declarations, Documentary evidence), thus giving the court 2 clearly established sets of grounds for which this motion can/should be dismissed on without even considering the argument contained therein. There is a pending motion filed by plaintiff on this matter as well as one for clarification. Ergo, Plaintiff asks that this court deny Defendant's motion or consider it as "Summary Judgement" without any additional filing being as though this is the Third time these same arguments have been submitted. Plaintiff doesn't know how to properly respond since the court hasn't given her notification as to whether or not "matters outside of the pleadings" should be exhibited with her filing or not since Defendants clearly filed it as a "Motion to Dismiss". So, she'll abstain from submitting

pg 1

B

evidence out of caution and expense. (F.R.C.P. 12 d) (Local Rule 7.8 b)

## II Statement of facts.

1. Plaintiff filed a §1983 lawsuit against the Defendants in February, 2021 which was amended (per court's order) in November, 2021.

2. Defendants filed a Motion to Dismiss under Rule 12 (b)(6).

3. This is plaintiff's brief in opposition.

## III Issues Presented

A. Did Plaintiff exhaust her Administrative remedies?

B. Does the Amended Complaint state a claim of Deliberate indifference to a serious medical need?

C. Does the Amended Complaint properly state a 14th Amendment violation?

D. Does the Complaint comply with "Rule 8?"

Suggested answer in the Affirmative.

## IV Argument

A. Exhaustion.

1. Re-arguing this is, in itself, exhausting. Defendants purport that exhibit "A1" was my showing of exhaustion. This is intentionally misleading and completely untrue. While proving, again, exhaustion in her last filing in opposition to this exact same

Pg 2

arguments, Plaintiff submitted SEVERAL grievances that were exhausted to the final level of appeal. (Soto v. Sweetman, 882 F.3d 865 (9th Cir. 2018))

2. In doing so, she also filed exhibit "A1" as demonstrative evidence, not as Functional evidence. "A1" wasn't exhausted at all. It wasn't even reviewed. This is correct. However, this isn't the purpose of the exhibit. Rather than file dozens of pages of D.O.C. policy (DC-ADM 804), Plaintiff thought it would be less cumbersome on all parties if she used the one page condensed form that explicitly states on/for what grounds grievances can be rejected/precluded from being filed. The grievance number on "A1" could be erased, as could the staff signature and my personal information and this standard "Rejection Form" would still serve the intended purpose. "A1" wasn't used to prove exhaustion, rather, why grievances can be rejected. (Hardy v. Shaikh, 959 F.3d 578 (3rd cir. 2020))

3. Exhibits "P1, P2, P3... through P17" extensively show the exhaustion of administrative remedies that are for this incident alone. Along with these exhibits, I also submitted parts of other grievances where other investigators inadvertently gave up the names of Doncha and Preston. It was through the administrative remedies that I learned of other staff's personal involvement. As exhibit "A1" shows (reason #8, #9, and #11), I wouldn't be able to refile a grievance to simply add Defendant's names. Even so, this doesn't bar me from suing them and other staff that may yet turn up in discovery. The point of filing a grievance is to fix the problem, not to name every single staff member, legal claim, legal theory, and rule according to filing rules. It is only to afford

B

the prison the opportunity to fix the problem themselves before a lawsuit is filed. Defendants failed to fix the problem, and so, a lawsuit is the correct avenue for relief. A single grievance, exhausted properly, is sufficiently to meet the prerequisite exhaustion requirements before filing a §1983 lawsuit. Plaintiff has done this rather extensively, and so, this defense is groundless. (Borges v. Piatkowski, 337 F.Supp.2d 424 (W.D.N.Y. 2004))

B. Deliberate Indifference.

1. For the above stated reasons, all 3 defendants were named as having some type of personal involvement in my treatment.

2. Deliberate indifference is met when someone has A. a serious medical need that B. is not properly treated/ignored by C. Someone who has the power to fix the problem but D. fails to do so.

A. A serious medical need is established when #1. it is so obvious that even a layman recognizes it. This was met when Defendant, upon visual inspection <u>only</u>, ordered immediate X-rays due to the ill/severe appearance of my limb (I.E. swelling, discoloration, pain, etc.) without any explanation of "how" my injury happened. #2 (The second way a "serious medical need" is established) Is when a medical professional gives some kind of treatment. Defendant Ernst, upon direction of his superiors, advised me to take pain meds from commissary and this medical professional ordered diagnostic treatment (X-rays) to determine the SEVERITY of my OBVIOUS serious medical needs. Ergo, It is so far undisputed that I had a serious medical need by way of Defendants own actions and declarations.

Pg 4

B

B. My condition wasn't properly treated. This is manifest by the Defendant's own admissions. This _fact_ is further proven when _several months later_, another medical professional deemed it medically necessary to assign me to "bottom bunk" status, thus fatally undermining Defendant's defense, especially when there were NO additional cumulative circumstances to be considered (nothing changed).

C. Defendants had the sole power to correct the problem and this fact is undisputed.

D. Defendants chose not to fix the problem. This fact is also undisputed. The problem was obvious/risk was obvious.

As such, Deliberate indifference to a serious medical need is unquestionably established, ergo, Defendant's motion must be denied. (Tatsch-Corbin v. Feathers, 561 F.Supp.2d 538 (W.D.Pa. 2008))

C. 14th Amendment Violations

1. The comparison to someone with a seizure disorder is a simple example of someone with a medical need that places her "at risk" (excessively) if housed on the top bunk. This example is the easiest to comprehend, and so I used it in my complaint. I cannot allege a "class of one" while trying to assert myself into a class of people. Everyone with a serious medical need is protected (constitutionally) and I simply picked an example of such a need that the Defendants recognize as being necessary of "bottom bunk" status. (City of Cleburne v. Cleburne Living Center, 473 U.S. 432 (1973))

2. The first point of this is to show that despite anti-roll bars affixed to every top bunk, if someone is considered "at risk", the person will be assigned bottom

Pg 5

B

bunk. This manifests Defendant's knowledge of falls from the top bunk to the concrete floor below are potentially life threatening to inmates "at risk." So much so, that inmates without physical impairments (like people with seizure disorders) or even a single event of being injured from such a fall, are given protective measures as a matter of course.

3. Other reasons for bottom bunk status include (but are not limited to) old age, missing limbs, prosthetics, implants (screws, plates, rods), joint replacements, and musculetal/skeletal conditions. Plaintiff having recent breaks in her bones, surgery, implants, and was injured in a fall from the top bunk, meets several of the criteria for such necessary medical precautions (and was, indeed, agreed/given such precautions months after Defendant's misconduct) but Defendants refused to order them. I only use a seizure disorder as a single example of a medical need #1 the Defendants recognize as needing precautions (since a fall from a prison bunk can be fatal) and #2 I met these criteria at the time of defendant's denial, and much later. If I would claim a "class", it would be "a person with an existing serious medical need." Since no such class exists, I claim a "class of one" and use comparisons. I have the same right to be protected (medically) as anyone else. Defendants inarguably violated this exact 14th Amendment right.

D. Rule 8

1. Plaintiff's complaint is the poster example of "short and consice" and is far from "unintelligible." I do relent that "other conditions" and "protective covering" could've been elaborated on

Pg 6

B

a bit more. Since all 3 suits were filed together, and the "DOC" Defendants continuously denied a protective covering for showering purposes (I.E. a bag to cover the cast) and all parties litigated on these matters since the year 2020, I thought it was a little self explanatory what was meant especially since the same counsel has already argued over these matters. Defendant know, without doubt, what was meant. This is made manifest due to the undisputed fact that I had to go on several emergency trips to the hospital over these exact matters AND Defendant's authorized an order to issue bags (protective covering for my cast) for showering.

    2. The "other conditions" can be inferred as housing needs, being as though this is the point of this whole suit. While I'm not litigating over what cell I was in, what block, protective coverings (not in THIS suit), etc., These matters show a cumulative pattern that adds up to "gross medical negligence" rather than a single incident of negligence. For example, while fresh from surgery, and the entire time I was in a cast, I was assigned to the top bunk and forced to live on a block that isn't handicapped accessable (It had several flights of stairs). It's well known that (given the medical nature) Medical officials have the sole means/power to order housing changes for inmates who are completely at their keeper's mercy. Defendants have "reviewed" my case several times - undisputed - and failed to correct routine problems - undisputed - let alone a serious event that caused an injury that was more than de minimus - undisputed. This pattern shows through cumulative circumstantial evidence that my case was "rubber stamped" and disregarded CONTINUOUSLY

Pg 7

B

3. If it is deemed that "other conditions" hasn't been expanded on enough, the court can simply remove the two words from the complaint since they have no real effect on the essense of the complaint.

4. As for "state of mind," this is manifest by Defendant Ernst's own admissions and actions. Upon viewing my injury, the look of concern was that of Wile-e-coyote seeing danger and his eyes pop out of his sockets, eyebrows fly off his forehead, and jaw drops (with a thud) to the ground. This look is that of someone who fears the worst in a situation. Compare this urgency (emergent x-rays, remember?) with the steely calm and callousness I was handled with after reviewing the x-rays -undisputed- and collaborating/agreeing with his superiors to not issue preventative measures -undisputed- This is such a change of character that can only mean ill intent. This was proven when he condescendingly told me to take pain medication from commissary -undisputed- to ease the pain for my injury -undisputed-; this _is_ treatment/prescription for treatment -undisputed-.

5. As for the certificate of merit is concerned, I agree that I did not pursue negligence claims or their prerequisites. This is an admission in itself. While _I'm_ not pursuing negligence claims, Defendants _are_. Why would they do that? Unless they _know_ they were in the wrong and are trying to downplay their misconduct to "mere neglegence." This is an interesting move, because it has been clearly established that neglegence doesn't rise to the level of being constitutionally protected against. So by pleading neglegence

Pg 8

B

Defendants acknowledge intentional wrongdoing, but "let off" just before it could raise to a constitutional level. This means that they admit causing me pain, injury, ignoring my needs, and ALL defendants were involved, but by claiming neglegence, they can #1 bar a neglegence claim from being pursued #2 get this suit dismissed because neglegence claims are not pursuable under §1983 and #3 while admitting wrongdoing neglegence, it would allow the Defendants to go scott-free without so much as a decloration that announces any kind of wrongdoing on the Defendant's behalf. I.E. It gets "swept under the rug." This leads to more abuse, to prisoners specifically, because it can/is implied that it is Constitutionally "OK" to "neglect" prisoners medical needs, so long as it stays at a neglegence level.

Pg 9

B

## V. Conclusion

Wherefore, Plaintiff prays that, due to the aforementioned, the Defendant's "Motion to Dismiss under Rule 12(b)(6)" be Denied entirely.

Signed: *[signature]*

Dated: 4-22-22

MS- Shawn Simms JP4033
Pro-Se Litigant
Box A
Bellefonte, PA 16823

Pg 10

## Certificate of Service

I certify that the below items were sent to the below listed parties via regular first class mail.

- Brief in opposition to "Motion to Dismiss" 10 pgs
- ORDER 1 pg

U.S. District Court
Middle District of PA.
235 N Washington Ave
PO Box 1148
Scranton, PA. 18501

Alexander Ferrante
716 N. Bethlehem Pike
Suite 208
Lower Gwynedd Township, PA 19002

Signed: _[signature]_
M.S. Shawn Simms JP4037
Pro-Se litigant
Box A
Bellefonte, PA. 16823

Dated: 4-22-22

IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Simms
    Plaintiff        : Civil Action No. 3:20-cv-1411
    v.                :
Dancha et.al.      :     ORDER
    Defendants    :

AND NOW, this _____ day of _____, 2022, it is hereby ORDERED that the Defendants Motion to Dismiss under Rule 12(b)(6) is Denied in it's entirety.

_____      _____
DATE                                  UNITED STATES DISTRICT JUDGE

Legal

Smart Communications/PA DOC
SCI Rockview
Shawn Simms JP4037
PO Box 33028
St Petersburg, FL 33733

PER _____
DEPUTY CLERK

RECEIVED
SCRANTON
APR 27 2022

U.S. District Court
Middle District of PA.
235 N. Washington Ave.
PO Box 1148
Scranton, PA. 18501

Control #1411

INMATE MAIL
PA DEPT OF
CORRECTIONS



US POSTAGE PITNEY BOWES
ZIP 16823
02 4W
0000376203 APR 22 2022
$ 001.56⁰